**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MATTHEW T. KEESE, | |
| *Plaintiff*, | |
| v. | Civil Action No. 24 - 2474 (LLA) |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, | |
| *Defendants*. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Matthew Keese, proceeding pro se, brings this action against the U.S. Department of Veterans Affairs ("VA") and Secretary of Veterans Affairs Doug Collins concerning the VA's failure to provide him with federal benefits after a job transfer and challenging other conditions of his employment.[1]  ECF Nos. 3, 16, 18, 22, 24.[2]  Mr. Keese seeks "corrective action," but he does not specify in his complaint what that relief entails.  ECF No. 3, at 2, 14; *see* ECF No. 14, at 1 (requesting monetary relief).  Defendants have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 21, and Mr. Keese has filed a motion for a status conference, ECF No. 30.  For the reasons explained below, the court will dismiss Mr. Keese's complaint without prejudice under Rule 8 but grant him leave to file an amended complaint, and it will deny the outstanding motions.

---

[1] Mr. Keese named former Secretary of Veterans Affairs Denis McDonough as Defendant, but the current Secretary is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] The citations to ECF Nos. 3, 14, 18, 21-2, 21-3, 21-5, 21-6, 22 and 24 refer to the CM/ECF-generated page numbers at the top of each page rather than any internal pagination.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court accepts the following factual allegations, drawn from Mr. Keese's complaint and pro se filings, as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015) (per curiam); *Pinson v. U.S. Dep't of Just.*, 514 F. Supp. 3d 232, 238 (D.D.C. 2021). The court further takes judicial notice of documents from the administrative proceedings underlying this action. *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) (explaining that "[i]n employment discrimination cases, courts often take judicial notice of [Equal Employment Opportunity Commission ('EEOC')] charges and EEOC decisions" in evaluating a motion to dismiss).

In March 2020, Mr. Keese transferred from a position at the Department of Defense to one at the VA's Medical Center in the District of Columbia. ECF No. 3, at 2, 5. Although Mr. Keese completed all pre-employment documents, *id.* at 2, his transfer was not processed correctly, *id.* at 5, which caused several errors. First, as a result of the processing errors, he lost his medical, dental, and vision benefits and had to pay medical costs out of pocket. *Id.* at 5, 7; ECF No. 18, at 1. It appears that when Mr. Keese later requested to have his benefits retroactively reinstated, *see* ECF No. 3, at 7, he was billed $1,139.10 by the Defense Finance and Accounting Service ("DFAS"), ECF No. 21-2, at 2, which he subsequently paid in cash to the VA, ECF No. 3, at 13.[3]

Next, Mr. Keese faced difficulties with his Thrift Savings Plan ("TSP"). A TSP is "a retirement savings and investment plan for federal government employees." Thrift Savings Plan, *About the Thrift Savings Plan (TSP)*.[4] When Mr. Keese transferred to the VA, the VA "did not

---

[3] The Defense Finance and Accounting Service administers benefits and payroll for several federal agencies, including the VA. *About Us*, Def. Fin. & Acct. Serv., https://perma.cc/25Z6-EGR3.

[4] *Available at* https://perma.cc/2ANQ-TNQ5.

acknowledge his existing TSP loan from his previous agency." ECF No. 18, at 1; *see* ECF No. 3, at 5. As a result, his "payroll deductions were not processed correctly, leading to . . . perceived late and/or missing payments." ECF No. 18, at 1; *see* ECF No. 3, at 5. Mr. Keese ultimately lost $10,000 because his TSP loan was "converted into a hardship loan[,] which had to be report[ed] as income and tax" in his 2020 taxes. ECF No. 3, at 5; *see* Thrift Savings Plan, Loans: General Purpose and Primary Residence 9 (2024) (noting that delinquent TSP loans are treated as taxable income and may be subject to penalty taxes).[5]

Finally, while it is unclear whether this was a result of errors in processing Mr. Keese's transfer to the VA, "there were . . . errors within [his] 'Position Description[,]' which had [Mr. Keese] working outside of" his job description. ECF No. 3, at 8. Mr. Keese requested that the VA conduct an audit to address the issue, but no action was taken and he "was left to perform duties outside of [his] role as a[] GS-10 Engineering Tech and aid in the role of a GS-13 General Engineer." *Id.*

In July 2021, Mr. Keese, who is Black, contacted a VA Equal Employment Opportunity ("EEO") Counselor concerning issues he was experiencing at the VA. ECF No. 21-3, at 2; *see* ECF No. 24, at 3. In August 2021, Mr. Keese filed a formal EEO complaint raising five claims: (1) his dissatisfaction with the DFAS bill concerning his insurance premiums; (2) disparate treatment on the basis of race because he was required to perform tasks outside of his job responsibilities on unspecified dates; (3) disparate treatment on the basis of race when he did not receive health insurance benefits from March 2020 until February 2021; (4) disparate treatment on the basis of race when he did not receive COVID-19 hazard pay in June 2021; and (5) hostile work

---

[5] *Available at* https://perma.cc/PE6M-799S.

environment premised on the aggregated allegations of disparate treatment. *See* ECF No. 21-3, at 2. In October 2021, the VA's Office of Resolution Management dismissed the claim concerning the DFAS bill as a collateral attack on another agency, and it dismissed the first two disparate treatment claims as untimely because Mr. Keese had failed to contact an EEO Counselor within forty-five days of the allegations. *Id.* at 2-3; *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (explaining that a "discrete retaliatory or discriminatory act 'occur[s]' on the day that it 'happened'"); 29 C.F.R. § 1614.105(a)(1) (2025) (requiring any "aggrieved person" to contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory"). But the Office of Resolution Management accepted for investigation his third disparate treatment claim, about COVID-19 hazard pay, and his hostile work environment claim concerning all three allegations of disparate treatment. ECF No. 21-3, at 3.

In June 2022, Mr. Keese requested a hearing before the Equal Employment Opportunity Commission ("EEOC" or the "Commission"), which moved the matter from the VA's Office of Resolution Management to the EEOC. ECF No. 21-4, at 2; *see* ECF No. 3, at 7; *see also* 29 C.F.R. § 1614.108(f)-(h) (explaining the circumstances under which a complainant may request a hearing before the EEOC). In July 2023, the EEOC administrative judge declined to hold a hearing and instead granted the VA's motion for summary judgment. ECF No. 21-4, at 2-3; *see* 29 C.F.R. § 1614.109(g) (explaining the EEOC's process for summary judgment without a hearing). The judge informed Mr. Keese that he could appeal to the EEOC's Office of Federal Operations within thirty days of the VA's final order implementing the judge's decision. ECF No. 21-4, at 10. The VA issued its final agency decision in August 2023, ECF No. 21-6, and Mr. Keese filed his EEOC appeal later that month, ECF No. 21-5, at 2. In August 2024, Mr. Keese withdrew his appeal with the EEOC's Office of Federal Operations. ECF No. 21-7, at 2.

Also in August 2024, Mr. Keese filed this action.  ECF Nos. 1, 3.  Defendants filed an answer in January 2025, ECF No. 11, and the court held an initial scheduling conference in March 2025, Mar. 11, 2025 Minute Entry.  At that conference, Defendants stated their intention to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), so the court issued an order setting a briefing schedule and discovery deadlines.  ECF No. 17.  Mr. Keese thereafter filed a series of documents in which he appears to raise claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, ECF No. 18, at 2; ECF No. 22, at 2-3; claims "under employment laws or contractual obligations," ECF No. 24, at 3; and claims of racial discrimination and hostile work environment, *id.* at 3; *see* ECF No. 16, at 1.

Defendants filed their motion for judgment on the pleadings, ECF No. 21, which is fully briefed, ECF Nos. 21, 24, 25.  Defendants also moved to stay discovery, ECF No. 26, which the court granted, May 6, 2025 Minute Order.  Mr. Keese has since filed a motion for a status conference "to clarify the current procedural posture and to preserve all rights" pending the court's ruling on the Rule 12(c) motion.  ECF No. 30, at 2.

## II.    DISCUSSION

Rule 8(a) requires that a complaint include: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(1)-(3).  These rules ensure that defendants have "notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Although filings by pro se litigants are held to less stringent standards than those drafted by lawyers, all litigants must follow the Federal Rules.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

5

A court may dismiss a complaint that fails to adhere to the requirements of Rule 8 either upon a motion or *sua sponte*.  *See* Fed. R. Civ. P. 41(b); *see also Ciralsky v. Cent. Intel. Agency*, 355 F.3d 661, 669 (D.C. Cir. 2004) (noting that "Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules").  "When a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint . . . and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules."  *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413-14 (D.D.C. 2017) (alteration in original) (quoting *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015)), *aff'd sub nom.*, *Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

While it is unusual to dismiss a complaint under Rule 8 at this stage of the proceedings, the parties' filings leave the court at a loss about what claims it is being asked to adjudicate.  In his complaint, Mr. Keese alleges that the VA did not process his transfer correctly and he seeks unspecified "corrective action."  ECF No. 3, at 14.  He does not specify the legal basis for his claims, nor does he indicate the type of relief he wants (e.g., an injunction requiring the VA to correct his records or money damages).  And despite referring to the EEO proceedings and mentioning issues with his position description, *id.* at 7-8, 14, Mr. Keese does not raise claims of race discrimination or hostile work environment.

Ordinarily when faced with a complaint of this nature, the defendant would file a motion to dismiss under Rule 8 or Rule 12(b) or a motion for a more definite statement under Rule 12(e).  But here, despite admitting that the complaint "is not a paragon of clarity," ECF No. 15, at 2; *see* ECF No. 21-1, at 2 (same), Defendants filed no such motion and instead answered the complaint, ECF No. 11.  "In our adversarial system of adjudication, we follow the principle of party

presentation." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020).  Under that principle, the court "rel[ies] on the parties to frame the issues for decision" and remains a "neutral arbiter of matters the parties present."  *Id.* (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). When Defendants filed an answer, the court trusted that their counsel—experienced government litigators who should be well versed in cases involving pro se litigants—understood the scope of the dispute and would litigate accordingly.

Unfortunately, that has not happened.  In their motion for judgment on the pleadings, Defendants focus primarily on whether Mr. Keese administratively exhausted claims during his EEO proceeding.  *See generally* ECF No. 21-1.  But as the court has already explained, *see supra* p. 6, Mr. Keese does not advance discrimination or hostile work environment claims in his complaint.  If Mr. Keese is only bringing claims related to the VA's processing of his transfer, which affected his benefits and TSP, Defendants have not explained why those would need to be exhausted through EEO proceedings.[6]

But even if EEO exhaustion were at issue, many of the arguments Defendants are making appear to be wrong as a matter of law.  For example, Defendants contend that Mr. Keese did not exhaust his claim about the DFAS bill concerning his insurance premiums.  *See* ECF No. 21-1 at 8-9.  Mr. Keese brought that claim as part of his EEO proceedings, but it was dismissed as raising a collateral attack on another agency's decision.[7]  ECF No. 21-2, at 2.  That is sufficient to exhaust the claim.  *See Sellers v. Nielsen*, 376 F. Supp. 3d 84, 96 (D.D.C. 2019) (finding

---

[6] It could be that Mr. Keese alleged in his EEO proceedings that the processing errors were a form of race discrimination, but the parties have not provided the relevant records from the EEO proceedings for the court to make that connection.

[7] Given that DFAS administers the VA's benefits and payroll, *see supra* n.3, this rationale appears dubious.

administrative exhaustion when the plaintiff raised the claim before the agency but the agency did not accept it for investigation and distinguishing that scenario from one "in which a plaintiff fails to allege a particular type of discrimination . . . and later brings that type of claim in federal court").

As another example, Defendants argue that the complaint should be dismissed because Mr. Keese waited more than ninety days after the VA's August 2023 final EEO decision to file suit in this court. ECF No. 21-1, at 11; *see* 29 C.F.R. § 1614.407(a). That argument ignores the fact that Mr. Keese timely elected to seek review of the VA's final decision with the EEOC's Office of Federal Operations. *See* ECF No. 21-5. When a complainant chooses to go that route, but the Office of Federal Operations does not issue its decision within 180 days, the complainant may then seek relief in federal court. 29 C.F.R. § 1614.407(d). That was precisely what Mr. Keese did—filing suit after a year had passed with no decision from the Office of Federal Operations. Mr. Keese's complaint is therefore properly before the court. *Ani v. Power*, No. 24-5118, 2024 WL 4631677, at *1 (D.C. Cir. Oct. 29, 2024) (per curiam) (noting that because "more than 90 days had passed since [the plaintiff had] received the agency's final decision[,] . . . [she] was required to either wait for a final decision from the EEOC, or wait until 180 days had passed without a decision from the EEOC, before coming to federal district court"); *Niskey v. Kelly*, 859 F.3d 1, 6 (D.C. Cir. 2017) (similar).

To be sure, the problems with party presentation do not fall solely on Defendants. The court has already highlighted some of the deficiencies with Mr. Keese's complaint above, *see supra* p. 6, and his subsequent filings only further complicate matters by injecting new substantive claims into the case. In two different filings, Mr. Keese contends that he can "assert tort claims of negligence and personal injury against the Department of Veterans Affairs for mismanagement of his TSP loans and health insurance benefits" under the Federal Tort Claims Act. ECF No. 18, at 2;

*see* ECF No. 22, at 3 (same).  But Mr. Keese does not allege a cause of action under the Federal Tort Claims Act in his complaint.  If he wants to raise a claim under the Federal Tort Claims Act, he must "first exhaust[] his administrative remedies," *McNeil v. United States*, 508 U.S. 106, 107 (1993), which involves "present[ing] [a] claim to the appropriate Federal agency" and receiving the agency's final denial in writing, 28 U.S.C. § 2675(a).  Binding precedent considers the FTCA's exhaustion requirement to be jurisdictional.  *Rasul v. Myers*, 563 F.3d 527, 528 n.1 (D.C. Cir. 2009) (per curiam); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).  And pro se litigants in the FTCA exhaustion context are "held to the same standard as litigants with counsel." *Youmans v. Fed. Motor Carrier Safety Admin.*, No. 21-CV-1381, 2022 WL 2982453, at \*3 (D.D.C. July 28, 2022).

In other filings, Mr. Keese states that he was subjected to "harassment . . . during [his] employment with [the VA]," ECF No. 13, at 1; that the agency engaged in "discriminatory practices, a hostile environment, and . . . verbal threat[s]," ECF No. 16, at 1; and that the agency discriminated against him by denying him hazard pay during the COVID-19 pandemic, ECF No. 24, at 3.  While Mr. Keese raised these issues during his EEO proceedings, no claim for race discrimination or hostile work environment appears in his complaint before this court.

Given the myriad problems with both parties' submissions, the court is unable to meaningfully evaluate Mr. Keese's complaint or assess Defendants' pending motion.  The parties, and not the court, are responsible for presenting the issues in a manner that facilitates judicial review.  The court will therefore dismiss Mr. Keese's complaint without prejudice and provide him the opportunity to file a complaint that complies with Rule 8 within thirty days.  *See Ciralsky*, 355 F.3d at 668-71.  In his amended complaint, Mr. Keese must clearly state the basis for the

court's jurisdiction, each cause of action and the legal basis for it, and the specific relief he seeks. He must also allege facts that connect his causes of action with his claims for relief.

Accordingly, it is hereby **ORDERED** that Mr. Keese's Complaint, ECF No. 3, is **DISMISSED** without prejudice but Mr. Keese is granted leave to file an amended complaint that complies with Federal Rule of Civil Procedure 8 on or before April 13, 2026.  If Mr. Keese files an amended complaint on or before April 13, 2026, Defendants shall respond on or before April 27, 2026.  It is further **ORDERED** that Defendants' Motion for Judgment on the Pleadings, ECF No. 21, and Plaintiff's Motion for Status Conference, ECF No. 30, are **DENIED** as moot.

_____
LOREN L. ALIKHAN
United States District Judge

Date:    March 13, 2026